**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Coty Travis Waters,<br>           Petitioner,<br>v.<br>Barbara Von Blanckensee,<br>           Respondent. | No. CV-20-00122-TUC-DCB<br>**ORDER** |

       This matter was referred to Magistrate Judge Maria S. Aguilera, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On September 29, 2020, Magistrate Judge Aguilera issued a Report and Recommendation (R&R). (Doc 24.) She recommends that the Court deny the habeas petition brought by Coty Travis Waters, pursuant to 28 U.S.C. § 2241. The Magistrate Judge found the claims should be dismissed because the Petitioner failed to administratively exhaust them. (R&R (Doc. 24) at 6-7 (citing *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). She also recommends dismissing the claims on the merits. *Id.* at 8-13. The Court follows both recommendations.

STANDARD OF REVIEW

      The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The

district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the Objection (Doc. 25) filed by the Petitioner, the Government's Response, and the parties' briefs considered by the Magistrate Judge.

## OBJECTIONS

The Court rejects the Petitioner's request for a hearing because the Petition is clearly barred by the exhaustion doctrine and the Petition is dismissed because it lacks merit. The only evidence supporting the Petition are Petitioner's own self-serving attestations, which, as noted, by the Magistrate Judge, are contrary to the documentary record and undermine the Petitioner's credibility (R&R (doc. 24) at 7-8) or are simply incredible assertions, *id.* at 9.

1   Petitioner makes two claims in his Petition: 1) his confinement in the Special
2   Housing Unit (SHU) violates his right to due process, and 2) he was denied due process in
3   four separate disciplinary proceedings. As explained in the R&R, the Petitioner never
4   initiated an administrative claim to exhaust his due process claim related to his placement
5   in SHU, and he filed administrative claims related to the four disciplinary proceedings, but
6   failed to take the final administrative step and submit an appeal to the General Counsel.
7   There is no basis for the Court to waive the exhaustion requirement because Petitioner does
8   not show that pursuit of administrative remedies would have been futile. (R&R (Doc. 24)
9   at 8 (citing *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (describing appropriate
10  circumstances for waiver); *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)
11  (specifying circumstances, including inadequacy and futility of administrative relief,
12  irreparable injury, or void proceedings). As noted by the Magistrate Judge, the record
13  showed that administrative remedies were in fact used effectively by the Petitioner because
14  he was granted a rehearing on two occasions, with fewer charges being sustained after
15  rehearing in one of those cases. *Id.* (citing (Doc. 13-4 at 33, 133, 143).

16  The Court also follows the Magistrate Judge's recommendation that the claims be
17  dismissed on the merits, too. First, there is no due process right to be free from
18  administrative segregation. (R&R (Doc. 24) at 9-10 (citations omitted.) The documentary
19  record reflects that due process was afforded the Petitioner in all four disciplinary
20  proceedings. Of note, due process only requires some evidence to support a revocation of
21  good-conduct time. *Id.* at 10-11 (citing *Superintendent v. Hill,* 472 U.S. 445, 455 (1985)).
22  Here in each disciplinary proceeding, the Petitioner was afforded notice and opportunity to
23  be heard, he waived opportunities to present evidence and witnesses, and made
24  incriminating statements. There was also additional evidence such as finding drugs on his
25  person and recordings of phone calls making arrangements to bring drugs into the facility.
26  (R&R (Doc. 24) at 11-13.)

27  Magistrate Judge Aguilera issued a well-reasoned R&R, which explains why this
28  Court finds that Petitioner's due process rights were not violated by the alleged denial of a

psychological evaluation, or denial to call witnesses and to video evidence in the disciplinary proceedings.

CONCLUSION

After *de novo* review of the issues raised in Petitioner's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The Court adopts it, and for the reasons stated in the R&R, the Court denies the Petition.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Objection, the Magistrate Judge's Report and Recommendation (Doc. 24) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED; the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff proceeds here in forma pauperis under 28 U.S.C. § 2241, and in the event the Plaintiff files an appeal, the Court finds the appeal is not taken in good faith. 28 U.S.C. 1915(a)(3) and FRAP 24(a).

Dated this 19th day of November, 2020.

David C. Bury
United States District Judge